FILED
CLERK, U.S. DISTRICT COURT
9/23/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSE LUIS TEJEDA,<br>LECROFF REID,<br>NICHOLAS CHAPMAN, and<br>FNU LNU, aka "CHECHE,"<br><br>　　　　Defendants. | CR   2:21-cr-00450-FLA<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Distribution of Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii): Distribution of Cocaine; 18 U.S.C. § 922(g)(9): Prohibited Person in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[DEFENDANTS TEJEDA, REID, AND CHECHE]

A.　OBJECTS OF THE CONSPIRACY

　　Beginning on a date unknown and continuing until on or about March 2, 2019, in Los Angeles County, within the Central District of

California, and elsewhere, defendants JOSE LUIS TEJEDA, LECROFF REID, and First Name Unknown ("FNU") Last Name Unknown ("LNU"), also known as ("aka") "CHECHE" ("CHECHE"), conspired with each other and others known and unknown to the Grand Jury to knowingly and intentionally distribute, and possess with intent to distribute, at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vi).

B. THE MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant CHECHE would arrange drug deals with customers.

2. Defendant CHECHE would direct defendant TEJEDA to package and send the drugs to customers.

3. Defendant REID would direct defendant TEJEDA to send drugs to him for further distribution.

4. Defendant TEJEDA would package and send drugs as directed by defendant CHECHE or defendant REID.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants TEJEDA, REID, and CHECHE, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of

California, and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1</u>:   On or about February 12, 2019, in coded language during a phone call, defendant CHECHE asked defendant TEJEDA to send fentanyl pills to a customer.

<u>Overt Act No. 2</u>:   On or about February 16, 2019, in coded language during a phone call, defendant CHECHE again spoke to defendant TEJEDA about the fentanyl pills for the customer.

<u>Overt Act No. 3</u>:   On or about February 20, 2019, defendant CHECHE texted the name and address of a customer to defendant TEJEDA.

<u>Overt Act No. 4</u>:   On or about February 20, 2019, defendant TEJEDA obtained materials to wrap and package the fentanyl pills.

<u>Overt Act No. 5</u>:   On or about February 20, 2019, defendant TEJEDA packaged the fentanyl pills for shipping.

<u>Overt Act No. 6</u>:   On or about February 21, 2019, during a phone conversation, defendants TEJEDA and CHECHE confirmed the name and address of the customer the package was to be shipped to.

<u>Overt Act No. 7</u>:   On or about February 21, 2019, defendant TEJEDA went to a post office and mailed the package, which contained approximately 12,000 fentanyl pills that contained approximately 1.31 kilograms of fentanyl.

<u>Overt Act No. 8</u>:   On or about February 21, 2019, defendant TEJEDA texted defendant CHECHE the tracking number for the package.

<u>Overt Act No. 9</u>:   On or about February 27, 2019, defendant REID asked defendant TEJEDA to send drugs to him.

<u>Overt Act No. 10</u>:   On or about February 28, 2019, defendant TEJEDA asked defendant REID what shipping method defendant TEJEDA should use to ship the drugs.

<u>Overt Act No. 11:</u>  On or about February 28, 2019, defendant REID instructed defendant TEJEDA to mail the drugs using second-day shipping, via FedEx.

<u>Overt Act No. 12:</u>  On or about February 28, 2019, defendant REID confirmed the shipping address to defendant TEJEDA.

<u>Overt Act No. 13:</u>  On or about February 28, 2019, defendant TEJEDA shipped approximately one kilogram of fentanyl powder to defendant REID.

<u>Overt Act No. 14:</u>  On or about March 2, 2019, defendant REID instructed defendant TEJEDA to provide him the tracking number for the package.

<u>Overt Act No. 15:</u>  On or about March 2, 2019, defendant TEJEDA provided defendant REID with the tracking number for the package, which contained approximately one kilogram of fentanyl.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS TEJEDA AND CHECHE]

On or about February 21, 2019, in Los Angeles County, within the Central District of California, defendants JOSE LUIS TEJEDA and First Name Unknown ("FNU") Last Name Unknown ("LNU"), aka "CHECHE," each aiding and abetting the other, knowingly and intentionally distributed at least 400 grams, that is, approximately 1,310 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

## COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT TEJEDA]

On or about February 28, 2019, in Los Angeles County, within the Central District of California, defendant JOSE LUIS TEJEDA knowingly and intentionally distributed at least 400 grams, that is, approximately 1,000 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[18 U.S.C. § 922(g)(9)]

[DEFENDANT CHAPMAN]

On or about March 6, 2019, in Los Angeles County, within the Central District of California, defendant NICHOLAS CHAPMAN knowingly possessed a firearm, namely, a Walther model P99 .40 caliber pistol, bearing serial number 416154, and ammunition, namely, seven rounds of Winchester .40 caliber ammunition, in and affecting interstate and foreign commerce.

At the time defendant CHAPMAN possessed such firearm and ammunition, defendant CHAPMAN knew that he had been convicted of a misdemeanor crime of domestic violence, namely, Inflicting Corporal Injury on a Spouse, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of San Bernardino, Case Number FVI18001338, on or about February 6, 2019.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii); 18 U.S.C. § 2(a)]

[DEFENDANTS CHAPMAN AND TEJEDA]

On or about November 27, 2019, in Los Angeles County, within the Central District of California, defendants NICHOLAS CHAPMAN and JOSE LUIS TEJEDA, each aiding and abetting the other, knowingly and intentionally distributed at least 500 grams, that is, approximately 993 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Three and Five of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Four of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SHAWN J. NELSON
Assistant United States Attorney
Chief, International Narcotics,
  Money Laundering & Racketeering
  Section

EDWARD HAN
Assistant United States Attorney
International Narcotics, Money
  Laundering & Racketeering
  Section